O. L. SANDERS AND SAMUEL G. TUBELL, *Appellants,* v. THE CITY OF DAYTONA BEACH, A MUNICIPAL CORPORATION OF VOLUSIA COUNTY, FLORIDA; WALTER A. RICHARDS, AS CITY MANAGER; R. P. PRICE, AS CITY CLERK; B. F. BRASS, AS MAYOR-COMMISSIONER; HARRY R. LEAN, R. DENNIS CRAIG, J. D. MCMILLAN AND A. E. DONNELLY, AS COMMISSIONERS, AND DAYTONA BEACH MOTOR LINES, INC., A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Appellees.*

Division B.

Opinion Filed February 15, 1928.

*Leon J. C. Harton,* for Appellants;

*Burwell, Thornton* and *Messrs. Wood, Newlin* and *Mc-Cardwell,* for Appellees.

PER CURIAM.—Pursuant to authority vested in it by the Legislature of Florida, the City of Daytona Beach in November, 1927, granted a franchise to Daytona Beach Motor Lines, Inc., a Florida corporation, for the purpose of transporting *white passengers only* over certain streets of said City of Daytona Beach. The said franchise was approved by popular vote December 6, 1927. On December 12, 1927, appellants as complainants below filed their bill of complaint to enjoin compliance with the terms of said franchise. Demurrers to the bill on the part of the City of Daytona Beach and Daytona Beach Motor Lines, Inc., were sustained and the motion for temporary restraining order was denied. Appeal is taken from the order sustaining the demurrers and denying the motion for temporary restraining order.

It is contended here that the franchise brought in question is an unjust and unreasonable discrimination between the white and negro races; that it imposes unreasonable restrictions on a lawful occupation or business and that it deprives appellants of their property without due process of law.

A franchise that would have the effect of diverting the streets of a municipality from a public to a private use or

that would unreasonably hamper the public in the use of them would be *ultra vires* and void. 19 R. C. L. and cases cited. Careful examination of the record in this case fails to disclose such unreasonable discrimination or restrictions as appellants contend that the franchise imposes and there is no showing whatever that it would in any way interfere with the public in the use of the streets of the City of Daytona Beach. It appears to have been authorized by the legislature and by the showing made was granted to safeguard and protect the traveling public.

The order of the chancellor is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.